UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KENNETH G. WILLIAMS,

    Plaintiff,

v.

OREGON DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

Case No. 6:18-cv-00144-AA

OPINION AND ORDER

AIKEN, District Judge:

Plaintiff, an inmate at Oregon State Penitentiary, filed suit pursuant to 42 U.S.C. § 1983 alleging violations of his federal due process rights. Defendants now move for summary judgment on all claims under Federal Rule of Civil Procedure 56, arguing that plaintiff's claims are untimely and barred for failure to exhaust administrative remedies. For the reasons set forth below, defendants' motion is granted, and this action is dismissed.

DISCUSSION

Plaintiff alleges several claims for relief against the remaining defendants.[1] First, plaintiff alleges that ODOC medical defendants failed to provide adequate testing of and treatment for his serious spine conditions, subjecting him to unnecessary pain for three years. Second, plaintiff alleges that Correctional Officer Stills assaulted him and used a stun gun on his face while plaintiff was receiving treatment at the Kadlec Neuroscience Center. Third and finally, plaintiff alleges that various defendants denied him access to the courts when they failed to process his grievances and fraudulently responded to his appeals. *See generally* Pl.'s Compl. (ECF No. 2).

Defendants argue that plaintiff's claims are untimely, and alternatively, that they are barred due to plaintiff's failure to exhaust administrative remedies. To prevail on their motion for summary judgment, defendants must show there is no genuine dispute as to any material fact and defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

I agree that plaintiff's claims are barred by the relevant two-year statute of limitations. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002). Construing all inferences in his favor,

---

[1] On February 6, 2018, I issued an Order dismissing as time-barred plaintiff's claims against defendants Van Houten, Taylor, White, Bradford and Wilson arising from events in 2012 and 2013. I also dismissed plaintiff's claims against defendants Hague, Wick, DaFoe, O'Brien, Sally, and Schnetsky for lack of personal participation. Finally, I dismissed plaintiff's claims against the Oregon Department of Corrections (ODOC) on grounds of sovereign immunity and claims against defendants Kadlec Neuroscience Center, Wang, Carter and Arredondo for failure to allege action under color of law. *See* Order to Proceed In Forma Pauperis at 2-4 (ECF No. 6).

2 - OPINION AND ORDER

plaintiff signed his Complaint on January 9, 2018, and he alleges no unlawful conduct by defendants that occurred during the two-year period prior to that date. Granted, the statute of limitations is tolled while a prisoner exhausts his or her available administrative remedies. *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (stating that "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process"). However, plaintiff's evidence shows that he submitted and appealed the vast majority of grievances related to his claims in 2013, with several filed and appealed in 2015. *See* Pl.'s Response Exs. A-D (ECF No. 42-1). Only one of plaintiff's grievance appeals extended into 2106 and within the limitations period; in that instance, plaintiff failed to comply with the relevant appeal process. *See* Sobotta Decl. ¶¶ 28-31; Pl.'s Response Ex. E.

Under the Prison Litigation Reform Act (PLRA), inmates must exhaust all available administrative remedies before filing a federal action to redress prison conditions or incidents. *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The exhaustion requirement is "mandatory" and requires compliance with both procedural and substantive elements of the prison administrative process before a prisoner files suit. *Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006).

Although the exhaustion requirement is mandatory, it is not absolute; if the defendant shows that the inmate did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172; *see also Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010)

3 - OPINION AND ORDER

(the PLRA does not require exhaustion when administrative remedies are "effectively unavailable"). This burden is met when the prisoner shows that he or she took "reasonable and appropriate steps," but prison officials nonetheless prevented or interfered with the prisoner's attempts to exhaust. *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010).

The Oregon Department of Corrections (ODOC) employs a three-step grievance and appeal process. Or. Admin. R. 291-109-0140. Inmates may file grievances for numerous issues, including "unprofessional behavior or action which may be directed toward an inmate by an employee" of ODOC. *Id.* 291-109-0140(2)(c). Generally, the inmate must file a grievance within thirty days of the alleged condition or incident, and inmates must file a separate grievance for each individual who was involved. *Id.* 291-109-0140(5), 291-109-0150(2). If a grievance is returned to the inmate on procedural grounds, the inmate may resubmit the grievance within fourteen days if the procedural errors can be corrected. *Id.* § 291-109-0160(5). If a grievance is accepted, the inmate may appeal a response to the grievance within fourteen days from the date the response was sent to the inmate. *Id.* 291-109-0170(1)(b). If the appeal is denied, the inmate may file a second appeal within fourteen days from the date the denial was sent to the inmate. *Id.* 291-109-0170(2)(c). A decision following a second appeal is final. *Id.* 291-109-0170(2)(f).

Plaintiff did not file any grievances against defendants Schnetsky, Sallee, O'Brien, Van Houten, Bradford, Hague, White, Wilson, Shelton, Gower, DaFoe, Fhuere, or Williamson. Sobotta Decl. ¶ 13; Taylor Decl. ¶ 13. Plaintiff filed various grievances in 2013 regarding his medical conditions, but he completed the grievance appeals process for those grievances in 2013 and 2014, well outside of the limitations period. Taylor Decl. ¶¶ 15-43. Plaintiff also filed grievances in March and April 2015 regarding the alleged lack of medical care, but he failed to

complete the administrative process for one grievance and completed the process for the other in August 2015, also outside of the limitations period. Sobotta Decl. ¶¶ 25-27, 32-36.

As noted above, only one of plaintiff's grievance appeals extended into 2016. In April 2015, plaintiff filed Grievance No. 2015-04-024 and alleged that Officer Stills interfered with a neurosurgeon's recommendation and treated plaintiff disrespectfully. Sobotta Decl. ¶ 29; Pl.'s Response Ex. E4-5. Officer Stills responded to the grievance, and plaintiff filed a first appeal. Sobotta Decl. ¶¶ 29-30. On December 11, 2015, defendant Fhuere responded to plaintiff's appeal and found no wrongdoing to support plaintiff's claims. *Id.* Plaintiff submitted a second appeal, and it was returned for corrections; plaintiff's corrected appeal was due February 9, 2016. *Id.* ¶ 31. On March 2, 2016, ODOC received a second appeal dated February 12, 2016, and the appeal was returned as untimely. *Id.* Plaintiff did not properly exhaust his administrative remedies for this grievance and fails to show that the appeal process was unavailable as a practical matter.

Regardless, even if plaintiff had completed the grievance appeal process for Grievance No. 2015-04-024, that grievance does not relate to the claim alleged against Officer Stills in this action. Thus, plaintiff presents no evidence that he completed the grievance process for the claims alleged within the limitations period, and plaintiff's claims are barred.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 22) is GRANTED, and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 30th day of January, 2019.

*Ann Aiken*
United States District Judge

5 - OPINION AND ORDER